**E-FILED**

Wednesday, 05 November, 2008  02:41:15 PM

Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DOYLE OBERMEIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3124 |
| | ) | |
| BRADLEY J. ROBERT, Warden, | ) | |
| Centralia Correctional Center,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Doyle L. Obermeier's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2) (Petition).  For the reasons stated below, the Court denies the Petition.

## FACTS

Obermeier currently is incarcerated at the Illinois Department of

---

[1]After Obermeier filed this action, he was transferred from Graham Correctional Center to Centralia Correctional Center, where Bradley J. Robert serves as warden. Thus, Robert is substituted for Andrew K. Ott, the warden of the Graham Correctional Center.  See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Bridges v. Chambers, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

Corrections Centralia Correctional Center, where he is serving a fifteen-year sentence on a conviction for unlawful manufacture of a controlled substance.  In February of 2003, police found a shoe box containing 0.8 grams of finished product methamphetamine, a razor blade and items used to inject methamphetamine in Obermeier's hotel room.  They also found a bucket of liquid exhibiting signs of anhydrous ammonia.  Laboratory tests of a sample from the bucket were positive for a substance containing methamphetamine.  The full weight of the liquid in the bucket was 3,100 grams.  The State charged Obermeier with unlawful manufacture of a controlled substance, under 720 ILCS 570/401(a)(6.5)(D), "in that said defendant, knowingly and unlawfully manufactured more than 900 grams of a substance containing methamphetamine, a controlled substance."[2] Petition, at Appendix p. 5 (Information).  The jury convicted Obermeier of the charge on June 9, 2003, and because more than 900 grams were involved, the Illinois statute mandated a sentence of at least 15 years imprisonment.  720 ILCS 570/401(a)(6.5)(D).  Obermeier received the

---

[2]The Court notes that after Obermeier's conviction and sentencing, on September 11, 2005, the state legislature amended this statute.  See IL P.A. 94-556, § 1060. Throughout this Opinion, the Court discusses the statute as it existed at the time of Obermeier's conviction and sentencing.

minimum sentence.

Obermeier appealed his conviction, arguing that the State failed to prove beyond a reasonable doubt that he had manufactured more than 900 grams of methamphetamine because it proved only that the weight of the finished methamphetamine and the weight of the waste products from the manufacturing process combined exceeded 900 grams. The Illinois Appellate Court rejected his argument. It held that the weight of the waste products could be included in calculating the amount of controlled substance involved. Obermeier then filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, and the Illinois Supreme Court denied his PLA.

Obermeier subsequently filed a timely Petition for habeas relief. He argues that his conviction and sentence violated due process because the State failed to prove beyond a reasonable doubt that he manufactured more than 900 grams of a controlled substance. According to Obermeier, the State proved only that he manufactured more than 900 grams of a "substance containing methamphetamine," and this did not suffice. Petition, at 3.

## ANALYSIS

Obermeier frames his claim as a due process argument, but it rests on an issue of statutory interpretation and so is non-cognizable on federal habeas review.  Thus, it provides no grounds for habeas relief.

Federal habeas courts may not reexamine state court determinations of state law questions.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). They are "bound by a State's interpretation of its own statute" and may not substitute their judgment for that of the State's.  <u>Garner v. Louisiana</u>, 368 U.S. 157, 166 (1961).  Here, the state court found that waste products can be included in calculating the weight of a "substance containing methamphetamine," and this Court may not revisit that determination. <u>Answer (d/e 7)</u>, Exhibit A, <u>Illinois Appellate Court Opinion</u>, at 4.

Obermeier argues that proving that he manufactured a substance containing methamphetamine was not the same thing as proving that he manufactured a controlled substance, but he is confused about the definition of a controlled substance.  The statute, which the jury found Obermeier violated, states that "it is unlawful for any person knowingly to: (I) manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog."  720

4

ILCS 570/401. A "controlled substance" is defined as "a drug, substance, or immediate precursor in the Schedules of Article II of this Act." 720 ILCS 570/102(f). Schedule II of the Act lists "any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system: . . . (2) Methamphetamine, its salts, isomers, and salts of its isomers." 720 ILCS 570/206(d). Thus, a controlled substance includes any mixture containing any quantity of methamphetamine.

The Illinois Appellate Court held that a mixture is encompassed within the definition of a "substance," and by combining methamphetamine ingredients in the bucket, Obermeier created a mixture constituting a "substance containing methamphetamine." Answer , Exhibit A, Illinois Appellate Court Opinion, at 4. Thus, a substance containing methamphetamine constitutes a controlled substance under the statute. The state court then interpreted the statute to allow for the inclusion of waste products in calculating the weight of the substance containing methamphetamine. That holding is a determination of state law, which makes it non-cognizable in a habeas proceeding.

Accepting the state court's finding that waste products can be included

in calculating the weight of a controlled substance, the only remaining issue

is whether the state court correctly analyzed Obermeier's sufficiency of the

evidence argument.  This Court may issue a writ of habeas corpus to a state

official only if the state court decision denying a petitioner's claims was: (1)

contrary to, or involved an unreasonable application of clearly established

federal law, as determined by the United States Supreme Court; or (2)

based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding.  28 U.S.C. § 2254(d).  If the state

court identified the correct rule of law, then this Court will deny the habeas

petition unless the state court's application of the law was not minimally

consistent with the facts and circumstances of the case.  Sweeney v. Parke,

113 F.3d 716, 718 (7th Cir. 1997).

       The state court identified the correct rule of law here.  In Jackson v.

Virginia, the United States Supreme Court held that evidence is sufficient

to support a criminal conviction if, viewing it in the light most favorable to

the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. 307,

319 (1979); Johnson v. Bett, 349 F.3d 1030, 1034 (7th Cir. 2003).  The

Illinois Appellate Court relied on this same standard in finding that the

evidence against Obermeier was sufficient.  See Answer , Exhibit A, Illinois Appellate Court Opinion, at 4-5 ("After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant knowingly possessed with the intent to manufacture 900 grams or more of a substance containing methamphetamine.").

Moreover, the Court sees no basis for concluding that the state court's application of the law was not minimally consistent with the facts and circumstances of the case.  Obermeier advances no argument on the sufficiency of the evidence except to assert that the State was not permitted to include the waste liquid in the bucket in establishing more than 900 grams of a controlled substance.  As already discussed, however, his argument regarding the waste product fails.  Thus, the Court finds that the state court's application of the law was at least minimally consistent with the facts and circumstances of the case.  No grounds for habeas relief exist.

THEREFORE, Petitioner Doyle Obermeier's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2) is DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 4, 2008

    FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
